Mr. E.R. Roon, Director Division of Purchasing Department of Administration Suite 232, State Services Building Denver, Colorado 80203
Dear Mr. Roon:
This is in response to your letter requesting my legal opinion.
You state in your letter that a number of state agencies often require the services of public utility companies for construction or repair work and that sometimes the contract exceeds $1,000. You also state that because of the nature of the work, the utility company is the only source to insure proper completion of the work.
QUESTION PRESENTED AND CONCLUSION
Do the provisions of C.R.S. 1963, 86-7-5 and 86-7-6 apply to all contracts with state agencies wherein the "contractor," as defined in Section 86-7-5, is a political subdivision of the State, or is a public utility company, such as Public Service Company of Colorado or Mountain States Telephone and Telegraph Company?
 The bonding provisions of Section 86-7-6 do not apply to a political subdivision of the State when said political subdivision is the "contractor" that was awarded the contract by a state agency. However, the bonding provisions of Section 86-7-6 do apply to public utilities, other than municipally owned and operated public utilities.
ANALYSIS
C.R.S. 1963, 86-7-5 states that the word "contractor" as used in Sections 86-7-5, 86-7-6 and 86-7-7 shall be construed to mean and include "any person, copartnership, association of persons, company or corporation to whom is awarded any contract . . . ." The concluding phrase in Section 86-7-5 reads:
 for the construction, erection, repair, maintenance or improvement of any building, road, bridge, viaduct, tunnel, excavation or other public work of this state, or for any county, city and county, municipality, school district or other political subdivision of the state.
(Underscoring added.) The underscored words not only appear in the same section, but also in the same sentence wherein the word "contractor" is defined. It is evident that had the General Assembly intended to include counties, cities, city of county, or other political subdivisions within the meaning of "contractors" it would have added the same or similar words to the definition of "contractor." Since the same or similar words were not included with the words "person, copartnership, association of persons, company or corporation" it can only be assumed that the General Assembly did not intend to make the bonding provisions of Section 86-7-6 applicable to political subdivisions when they are awarded contracts by a state agency.
Public Service Company of Colorado and Mountain States Telephone and Telegraph Company, which you mention in your letter, are "corporations" and thus would come within the meaning of "contractor," as used in Sections 86-7-5 and 86-7-6. Likewise, with respect to any other public utility which is a copartnership, association of persons, company or person doing business under a trade name. However, certain public utilities are municipally owned and operated. These public utilities, for the reasons stated with respect to "political subdivisions," would not come within the meaning of "contractor."
SUMMARY
The bonding provisions of C.R.S. 1963, 86-7-6 do not apply to a political subdivision of the State when said political subdivision is the "contractor" that was awarded by a state agency. However, the bonding provisions of Section 86-7-6 do apply to public utilities, other than municipally owned and operated public utilities.

 Very truly yours,
 JOHN P. MOORE
 Attorney General
SURETY
PUBLIC UTILITIES
BUILDINGS
HIGHWAYS
CONTRACTS

C.R.S. 1963, 86-7-5 C.R.S. 1963, 86-7-6 C.R.S. 1963, 86-7-7 C.R.S. 1973,38-26-101 C.R.S. 1973, 38-26-106
ADMINISTRATION, DEPT. OF
Purchasing, Div. of

The bonding provisions of C.R.S. 1963, 86-7-6 do not apply to a political subdivision of the State when said political subdivision is the "contractor" that was awarded by a state agency. However, the bonding provisions of Section 86-7-6 do apply to public utilities, other than municipally owned and operated public utilities.